UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTAOUSE C. HOLLOWAY,

            Plaintiff,

v.                                                     Case No. 20-cv-1077-pp

GREEN BAY CORRECTIONAL INSTITUTION,

            Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Martaouse Holloway, an inmate at Green Bay Correctional Institution who is representing himself, filed a complaint alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On July 28, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $13.69. Dkt. No. 6. The court received that fee on August 18, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on July 11, 2020, he told a Correctional Officer (CO) that he was planning to "do self harm" and that he would like to be placed on observation. Dkt. No. 1 at 2. He was placed on observation that same night. Id. After being placed on observation, the plaintiff found a razor blade and eight unknown pills wrapped together "under the mat." Id. The plaintiff says that after about one to two hours, he finally gave in to temptation and cut his wrists, then began using his blood to write on the walls. Id. at 2-3.

The plaintiff later saw a CO walk past his cell, so he stopped the CO and asked for a new razor. Id. at 3. The CO refused. Id. The plaintiff then told the

3

CO he would trade the eight pills for a new razor; he again was refused. Id. The plaintiff ingested all eight pills in front of the CO. Id.

The plaintiff says that Lieutenant Wickman came to his cell. Id. The plaintiff gave Wickman the razor and allowed "them" to cuff him. Id. The plaintiff was taken to a different room, where he and Wickman began talking. Id. The plaintiff told Wickman and two other COs that he needed to see a nurse because he felt sick from the pills; the plaintiff also wanted the nurse to check out his cut. Id. The plaintiff says he was put back into the same cell and refused medical services until the next day. Id.

The plaintiff seeks $250,000 in damages. Id. at 4.

C. Analysis

The plaintiff asks to proceed on a claim regarding "Green Bay's lack of safety precautions and failure to keep [him] safe as well as the refusal of medical services." Dkt. No. 1 at 4. Although the plaintiff checked the box on page 4 of the complaint form which states that he is suing "under state law" based on diversity jurisdiction, the court believes (based on the facts he alleged and the claims he identified) that he means to proceed under federal law. "Green Bay Correctional Institution" is the only defendant the plaintiff named. Id. at 1.

"[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill.,165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171

4

F. App'x 514, 515 (7th Cir. 2006). Green Bay is one of several institutions within the Department of Corrections. Green Bay Correctional Institution is not a proper defendant and the court will dismiss it.

The Court of Appeals for the Seventh Circuit has, however, instructed district courts to assist the plaintiff in identifying correct defendants. See Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996). The court will analyze the plaintiff's Eighth Amendment claims and try to help him identify the correct defendants.

To state a failure to protect claim under the Eighth Amendment to the U.S. Constitution, a plaintiff must allege that "(1) the harm that befell him was objectively, sufficiently serious, and posed a substantial risk to his health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to his health and safety." Collins v. Seeman, 462 F.3d 757, 760 (7th Cir. 2006) (citing Farmer, 511 U.S. at 832). The Seventh Circuit has held that attempted suicide is a substantial risk to an inmate's health or safety. Sanville v. McCaughtry, 266 F.3d 724, 733 (7th Cir. 2001). The plaintiff sufficiently alleged an objectively serious risk of harm when he stated that he is suicidal.

The plaintiff has not explained, however, *who* at Green Bay was deliberately indifferent toward that risk of harm. The plaintiff states that he told a CO that he was suicidal, and that someone moved him to an observation cell that same day. The plaintiff then found a razor and pills in his observation cell, items that posed a risk to someone who had threatened self-harm. But the

plaintiff does not say (and perhaps does not know) who was responsible for making sure that there was nothing dangerous in the cell. The plaintiff does not allege that he told anyone about these items before he used them, nor does he allege that the person who put him in the observation cell knew the razor and pills were there. When the plaintiff did eventually tell a CO that he had a razor (by asking for a new razor), the CO refused him twice. In response to the CO's refusal, the plaintiff took the pills, but the plaintiff does not say that the CO knew he had the pills or that the CO could have prevented him from taking them.

It is possible that some other inmate left pills and a razor in the observation cell and that no one on the Green Bay staff noticed. That would be very negligent on the part of the staff, but "conduct that simply amounts to 'mere negligence or inadvertence' is insufficient to justify the imposition of liability" under §1983. Pinkston v. Madry, 440 F.3d 879, 889 (7th Cir. 2006) (quoting Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985)). To state a claim for failure to protect, a plaintiff must demonstrate that particular staff members at Green Bay knew that he was at risk of harm and that, while they could have prevented that risk, they did not do so. If the plaintiff told someone he had the razor or the pills before he used them, and that person just ignored him, that could state a claim for failure to protect. But as the complaint is written, it does not state such a claim.

To state a claim for failure to provide medical care under the Eighth Amendment, the plaintiff must allege that he had an objectively serious

medical condition and that the prison official was deliberately indifferent toward that condition. Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Id. (citing Farmer, 511 U.S. at 837).

The plaintiff has sufficiently alleged an objectively serious medical condition. He states that he had cuts on his wrist that needed medical care and that he had taken eight unknown pills that were making him feel sick. The court can infer that the cuts were objectively serious because they produced enough blood for the plaintiff to write on the walls, and that the pills were objectively serious because they made the plaintiff feel sick.

The plaintiff has also sufficiently alleged deliberate indifference toward that medical condition exhibited by several Green Bay staff members. The plaintiff told Wickman and two John Doe COs that he needed to see a nurse and they delayed treatment by one day. In certain circumstances, even a short-term delay in treatment may state a claim under the Eighth Amendment. See e.g. Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012) (citing cases). Whether the length of the delay is constitutionally intolerable "depends on the seriousness of the condition and the ease of providing treatment." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). At this early stage of the case, the plaintiff has stated enough facts for the court to infer that he had a bleeding cut on one or both wrists and had taken unknown medication and that Wickman and two John Doe COs improperly delayed treatment. The plaintiff

7

will eventually have to develop the record to show how serious his injuries were and what happened as a result of the alleged delay in treatment.

The plaintiff has not named Wickman or the two John Doe COs as defendants. Because the Seventh Circuit has instructed district courts to assist the plaintiff in identifying the correct defendants, the court will order the clerk's office to amend the caption to reflect that the correct defendants are Lieutenant Wickman and John Doe COs #1-2.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DISMISSES** defendant Green Bay Correctional Institution from this lawsuit and **ORDERS** the clerk's office to amend the case caption to reflect that the correct defendants are Lieutenant Wickman and John Doe COs #1-2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin DOJ for service on defendant Wickman. Under the informal service agreement, the court **ORDERS** Wickman to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$336.31** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court

each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 5thday of November, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**