UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTAOUSE C HOLLOWAY,

      Plaintiff,

v.                     Case No. 20-cv-1077-bhl

LT. WICKMAN, et al.,

      Defendants.

---

## DECISION AND ORDER

---

On February 22, 2021, the defendants filed a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 19. The following day, on February 23, 2021, the Court entered a notice and order reminding plaintiff Martaouse Holloway that under Civil L. R. 56(b)(2) his response materials were due on March 24, 2021. Dkt. No. 25. The Court also warned Holloway that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion. *Id*. at 2.

The deadline has passed, and Holloway did not oppose the motion. Further, the Court has reviewed the defendants' motion, brief in support, and the undisputed facts, and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(2)-(3). Based on the defendants' proposed findings of fact, which are deemed true for purposes of summary judgment, the Court concludes that Holloway did not file any inmate complaints relating to the issues in this case; and as a result, he failed to exhaust administrative remedies prior to bringing this lawsuit. The defendants are entitled to judgment as a matter of law and the Court will grant their motion.

Additionally, pursuant to Civil L. R. 7(d), the Court finds that Holloway's failure to respond to the defendants' motion is also sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED** and this case is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of April, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.